MARIO VINICIO BARROSO-BARROSO,

                    Petitioner,

          v.                                          Case No. 26-cv-0933-bhl

DALE J. SCHMIDT, et al.,

                    Respondents.

## RULE 4 SCREENING ORDER

Mario Vinicio Barroso-Barroso, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.  Under Rule 4 of the Rules Governing §2254 Cases, which can also apply to §2241 petitions, *see* Rule 1(b), Rules Governing §2254 Cases; Civil Local Rule 9(a)(2), the Court will review and screen the petition.  As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See* Rule 4, Rules Governing §2254 Cases.

## BACKGROUND

According to the petition, Barroso-Barroso is a citizen of Ecuador who entered the United States without inspection in December 2022.  (ECF No. 1 ¶¶1 23.)  He was detained by ICE on May 8, 2026 and is currently in immigration custody at the Dodge County Jail in Juneau, Wisconsin.  (*Id.* ¶2.)  Pursuant to ICE's recently changed interpretation of the Immigration and Naturalization Act, Barroso-Barroso is considered to be an "applicant to admission" under 8 U.S.C. §1225(b)(A) and therefore subject to mandatory detention and statutorily ineligible for bond.  (*Id.* ¶¶7–8.)

Barroso-Barroso contends that the mandatory detention provision of §1225(b)(2)(A) does not apply to people like him, who have already entered and were residing in the United States at the time they were apprehended.  (*Id.* ¶9.)  Barroso further notes that a three-judge panel of the Seventh Circuit recently split on the issue: (1) Judge Lee concluded that mandatory detention under

§1225(b)(2)(A) did not apply "to noncitizens unlawfully living in the country's interior," (2) Judge Pryor concluded the court did not need to reach the merits of the §1225(b)(2)(A) argument and voted to resolve the case on other grounds, and (3) Judge Kirsch concluded in his dissent that the government's interpretation of §1225(b)(2)(A) was correct. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026) (addressing allegations that the Department of Homeland Security and ICE violated a 2022 Consent Decree addressing the warrantless arrests of aliens pursuant to 8 U.S.C. §1357(a)(2)). Barroso-Barroso seeks a writ of habeas corpus requiring Respondents to release him or provide him with a bond hearing pursuant to 8 U.S.C. §1226(a) within 5 days. (ECF No. 1 ¶10.)

## ANALYSIS

A habeas petition under 28 U.S.C. §2241 allows persons in custody to challenge the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Supreme Court has recognized Section 2241 as a forum for statutory challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The petition asserts two grounds for relief. First, Barroso-Barroso argues that the mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are considered inadmissible and as relevant to him, does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents. (ECF No. 1 at ¶55.) Barroso-Barroso therefore contends that the application of §1225(b)(2) to him unlawfully mandates his continued detention and violates the Immigration and Nationality Act. (*Id.* ¶56.) Second, Barroso-Barroso argues that his continued detention without a bond determination hearing violates his right to due process. (*Id.* at ¶60.)

Based on his petition, the Court cannot conclude that Barroso-Barroso is plainly not entitled to relief. Under 28 U.S.C. §2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

Accordingly, the Court will order Respondents to respond to the petition within three days of service.  For good cause, the Court may grant Respondents a *short* extension if requested and properly supported.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Clerk of the Court shall promptly serve a copy of the petition and this order upon Respondent Dale Schmidt, Sheriff of the Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Samuel Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondents shall respond to the petition within three days from service of this Order.

Dated at Milwaukee, Wisconsin on June 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge